1  GIBSON, DUNN & CRUTCHER LLP
   KATHERINE V.A. SMITH, SBN 247866
2  ksmith@gibsondunn.com
   333 South Grand Avenue
3  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
4  Facsimile:  213.229.7520

5  GIBSON, DUNN & CRUTCHER LLP
   JASON C. SCHWARTZ (*Pro Hac Vice* Application To Be Submitted)
6  jschwartz@gibsondunn.com
   1050 Connecticut Avenue, N.W.
7  Washington, DC  11101
   Telephone:  202.955.8500
8  Facsimile:  202.467.0539
   *Attorneys for Defendant Global Linguist Solutions LLC*
9
   LEWIS BRISBOIS BISGAARD & SMITH, LLP
10 JON P. KARDASSAKIS, SBN 90602
   Jon.Kardassakis@lewisbrisbois.com
11 ERIC Y. KIZIRIAN, SBN 210584
   Eric.Kizirian@lewisbrisbois.com
12 221 North Figueroa Street
   Suite 1200
13 Los Angeles, CA 90012
   Telephone: 213.250.1800
14 Facsimile: 213.250.7900
   *Attorneys for DynCorp International LLC*
15

16              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

17 ALFRED ZAKLIT, HANY SHAKER,        CASE No. CV13-08654
   and MOKHTAR FARAG, *each of them*
18 *individually, and on behalf of all others*   DECLARATION OF KATHERINE
   *similarly situated,*              V.A. SMITH IN SUPPORT OF
19                                    DEFENDANTS' NOTICE OF
                                      REMOVAL
20            Plaintiffs,
                                      Los Angeles Superior Court Case No.
21      v.                            BC523317

22 GLOBAL LINGUIST SOLUTIONS          Complaint Filed: October 4, 2013
   LLC, *a Delaware Company*; AECOM
23 SERVICES, INC., *a California*
   *corporation*; DYNCORP
24 INTERNATIONAL, LLC, *a Delaware*
   *company*; and DOES 1-250, *inclusive,*
25
              Defendants.
26

27
      I, Katherine V.A. Smith, declare as follows:
28

FILED
CLERK, U.S. DISTRICT COURT
NOV 22 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1.    I am an attorney admitted to practice law before all courts of the State of California and in the United States District Court for the Central District of California. I am an associate in the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys primarily responsible for the representation of Global Linguist Solutions LLC ("GLS"), in this matter.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

1.    Attached hereto as **Exhibit A** is a true and correct copy of the Complaint in *Alfred Zaklit, Hany Shaker, and Mokhtar Farag, each of them individually, and on behalf of all others similarly situated, vs. Global Linguist Solutions, LLC, a Delaware company; AECOM Services, Inc., a California corporation; DynCorp International, LLC, a Delaware company; and Does 1 through 250, inclusive* (the "Putative Class Action"), Case No. BC523317, filed on October 4, 2013, in the Superior Court of the State of California, County of Los Angeles.

2.    Attached hereto as **Exhibit B** is a true and correct copy of the Proofs of Service on GLS and DynCorp International LLC ("DynCorp") in the Putative Class Action.

3.    Attached hereto as **Exhibit C** is a true and correct copy of the Court's November 7, 2013 Initial Status Conference Order in the Putative Class Action.

4.    There have been no filings or proceedings in the Putative Class Action since the Court issued its November 7, 2013 Initial Status Conference Order.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this Declaration on November 22, 2013, in Los Angeles, California.

Dated: November 22, 2013

Katherine V.A. Smith

2

DECLARATION OF KATHERINE V.A. SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

**Exhibit  A**



A 60057
90071
**FILED**
LOS ANGELES SUPERIOR COURT

OCT 04 2013

JOHN A. CLARK, CLERK
BY KRISTINA VARGAS, DEPUTY

ORIGINAL

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1 | LAW OFFICES OF CARLIN & BUCHSBAUM LLP
GARY R. CARLIN, CSBN: 44945
2 | *gary@carlinbuchsbaum.com*
BRENT S. BUCHSBAUM, CSBN: 194816
3 | *brent@carlinbuchsbaum.com*
LAUREL N. HAAG, CSBN: 211279
4 | *laurel@carlinbuchsbaum.com*
SANG J. PARK, CSBN: 232956
5 | *sang@carlinbuchsbaum.com*
555 East Ocean Boulevard, Suite 818
6 | Long Beach, California 90802
Telephone: (562) 432-8933
7 | Fax: (562) 435-1656

8 | Attorneys for Plaintiffs

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11 | ALFRED ZAKLIT, HANY SHAKER, and
MOKHTAR FARAG, each of them
12 | individually, and on behalf of all others
similarly situated,
13 |

Case No.: **BC 5 2 3 3 1 7**

CLASS ACTION
D-307 William F. Highberger
COMPLAINT

14 |
Plaintiffs,
15 |
vs.
16 |
17 | GLOBAL LINGUIST SOLUTIONS,
LLC, a Delaware company; AECOM
18 | SERVICES, INC., a California
corporation; DYNCORP
19 | INTERNATIONAL, LLC, a Delaware
company; and DOES 1 through 250,
20 | inclusive,

21 | Defendants.

(1) Violation of California Business &
Professions Code §§ 17200, et seq.;
(2) False Imprisonment;
(3) Breach of Implied Covenant of Good
Faith and Fair Dealing;
(4) Negligent Hiring and Retention;
(5) Violation of California Labor Code § 970
(Misrepresentation);
(6) Wrongful Termination in Violation of
Public Policy;
(7) Wrongful Demotion in Violation of Public
Policy;
(8) Disability Discrimination in Violation of
FEHA;
(9) Failure to Provide Reasonable
Accommodation in Violation of FEHA;
(10) Failure to Engage in Interactive Process in
Violation of FEHA;
(11) Hostile Work Environment Harassment;
(12) Violation of California Labor Code §§
510, 1194 and 1198 (Unpaid Overtime);
(13) Violation of Labor Code §§ 201 and 202
(Wages Not Timely Paid Upon
Termination);
(14) Intentional Infliction of Emotional
Distress;
(15) Negligent Infliction of Emotional
Distress;
(16) Rescission

CLASS ACTION COMPLAINT

FILED
LOS ANGELES SUPERIOR COURT

OCT 04 2013

JOHN A CLARKE, CLERK

4

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1    Plaintiffs, Alfred Zaklit, Hany Shaker and Mokhtar Farag ("Plaintiffs") each of them

2  individually, and on behalf of all others similarly situated, allege as follows:

3                                    **INTRODUCTION**

4    1.    Currently Plaintiffs and nearly 100 Americans deployed as Arabic linguists in

5  the Middle East are trapped in Kuwait.  Their employer—Defendants Global Linguist

6  Solutions LLC, AECOM and DynCorp International LLC—has barred them from leaving the

7  United States Army camps Buehring and Arifjan for any reason, including for work, medical

8  appointments, personal time or even emergency matters.

9    2.    Additionally Defendants Global Linguist Solutions LLC, AECOM and DynCorp

10  International LLC have relegated Plaintiffs and Class members to crammed and substandard

11  living conditions for months at a time.  Dozens of Linguists are assigned to live in one 300-

12  square-feet tent with limited air conditioning, running water and electricity.

13    3.    Further Defendants have terminated and/or demoted Plaintiffs and Class

14  members due to their "non-working" status, disability, and their purported need to fill their

15  customer's demands.  As detailed below, Plaintiffs and Class members' inability to work or

16  travel, and disability were caused by their employer's actions, and no fault of their own.

17  However Defendants decided to terminate and/or cut Plaintiffs and Class members' pay all to

18  save costs and increase their own bottom line.

19    4.    Plaintiffs bring this class action lawsuit for themselves, and on behalf of other

20  linguists, and seek injunctive relief for the safe release of Plaintiffs and Class members back

21  to work and/or to safely leave the army camps in Kuwait.

22    5.    Plaintiffs also seek that the Court declare, adjudge and decree that Defendants,

23  among others, falsely imprisoned Plaintiff and Class members; breached the implied covenant

24  of good faith and fair dealing; conducted negligent hiring and retention; induced Plaintiffs and

25  Class members to relocate for work through false representations; created a hostile work

26  environment; discriminated Plaintiffs based on their disability; and wrongfully terminated and

27  demoted Plaintiffs and Class members.

28    6.    Plaintiffs seek all damages flowing from Defendants unlawful conduct.

Page 1

CLASS ACTION COMPLAINT

●                    ●

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1

**JURISIDICTION AND VENUE**

2       7.    The monetary damages and restitution sought by Plaintiffs exceed the minimal

3   jurisdiction limits of the Superior Court and will be established according to proof at trial.

4   The penalties sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court

5   and will be established according to proof at trial.

6       8.    This Court has jurisdiction over this action pursuant to the California

7   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

8   all causes except those given by statute to other courts."  The statutes under which this action

9   is brought do not specify any other basis for jurisdiction.

10       9.    This Court has jurisdiction over all Defendants because, upon information and

11   belief, each party is either a citizen of California, has sufficient minimum contacts in

12   California, or otherwise intentionally avails itself of the California market so as to render the

13   exercise of jurisdiction over it by the California courts consistent with traditional notions of

14   fair play and substantial justice.

15       10.    Venue is proper in this Court because, upon information and belief, one or

16   more of the named Defendants reside, transact business, or have offices in this county and the

17   acts and omissions alleged herein took place in this county.

18

**THE PARTIES TO EACH CAUSE OF ACTION**

19       11.    Plaintiff Alfred Zaklit is, and at all relevant times was, a citizen of the United

20   States of America and State of California, residing in Menifee, California.  Plaintiff has been

21   employed as a "Linguist" for Defendants Global Linguist Solutions LLC, AECOM, and

22   DynCorp International LLC ("Defendants") from September 2012 to present.

23       12.    Plaintiff Hany Shaker is, and at all relevant times was, a citizen of the United

24   States of America and State of California, residing in Clovis, California.  Plaintiff has been

25   employed as a "Linguist" for Defendants from September 2012 to present.

26       13.    Plaintiff Mokhtar Farag is, and at all relevant times was, a citizen of the United

27   States of America and State of California, residing in North Hills, California.  Plaintiff was

28

6

1    employed as a "Linguist" for Defendants from September 2012 to approximately August

2    2013.

3         14.    Plaintiffs reserve the right to seek leave to amend this complaint to add new

4    plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Salsa v.*

5    *American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law

6         15.    Global Linguist Solutions LLC ("GLS") is, upon information and belief, a

7    Delaware company, with its corporate headquarters and principal place of business in

8    Herndon, Virginia.  At all times hereinafter mentioned, GLS is an employer whose employees

9    are engaged throughout this county, the State of California, the various states of the Unites

10   States of America and the world.

11        16.    AECOM Services, Inc. ("AECOM") is, upon information and belief, a

12   California corporation, with its corporate headquarters and principal place of business in Los

13   Angeles, California.  At all times hereinafter mentioned, AECOM is an employer whose

14   employees are engaged throughout this county, the State of California, the various states of

15   the Unites States of America and the world.

16        17.    DynCorp International, LLC ("DynCorp") is, upon information and belief, a

17   Delaware company, with its corporate headquarters and principal place of business in Falls

18   Church, Virginia.  At all times hereinafter mentioned, DynCorp is an employer whose

19   employees are engaged throughout this county, the State of California, the various states of

20   the Unites States of America and the world.

21        18.    Plaintiffs do not know the true names or capacities of the persons or entities

22   sued herein as DOES 1-250, inclusive, and therefore sues said Defendants by such fictitious

23   names.  Each of the DOE Defendants was in some manner legally responsible for the

24   violations alleged herein.  Plaintiffs will amend this Complaint to set forth the true names and

25   capacities of these Defendants when they have been ascertained, together with appropriate

26   charging allegations, as may be necessary.

27

28

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

19.     At all times mentioned herein, the Defendants named as DOES 1-250, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiffs and aggrieved employees in the State of California.

20.     At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

21.     GLS, AECOM, DynCorp and DOES 1-250 are collectively referred to herein as "Defendants."

### DEFENDANTS' CONDUCT

22.     Defendants are primary vendors for the United States military's broad Defense Language Interpretation and Translation Enterprise—a $9.7 billion contract for linguist services in the Middle East.  Defendants employ Linguists to provide translation and interpretation services to the United States Army and other government agencies stationed in the Middle East.

23.     Defendants employed Plaintiffs and Class members as Arabic Linguists to provide translation and interpretation services to the United States Army stationed in Camps Buehring and Arifjan, Kuwait.

24.     Kuwaiti law requires that all foreign workers be placed on the rolls of a local firm or "sponsor."  The sponsor applies for working visas on behalf of the employees and manages aspects of their payroll.  The actual employer is required to hire the services of the local firm or sponsor.

25.     Kuwaiti law further requires that the employer receive full consent from its incumbent sponsor and the Kuwaiti Ministry of Labor to change sponsoring companies.

26.     In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait, Defendants—in an effort to increase their profit margins—re-bid its sponsorship contract. Defendants severed their ties with their sponsor, Al Shora International General Trading & Contracting ("Al Shora"), in favor of a new Kuwaiti company, KRH.

27.     In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among others, failing to obtain approval from their incumbent sponsor.  Defendants created a legal

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1   dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with their

2   sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of

3   Plaintiffs and Class members.

4      28.   In or about March 2013, Al Shora turned over the names of Defendants'

5   employees to Kuwaiti immigration authorities; declared them absent from work; and, in

6   violation of their working visas.  Consequently Plaintiffs and Class members' work visas were

7   cancelled, and they were placed on Kuwaiti's "blacklist" for arrest and/or deportation.

8   Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their

9   work visas—were never returned to them.

10     29.   The United States Army suspended the use of Plaintiffs and Class members'

11  linguistic services in light of the dispute between Defendants and Al Shora.  Further Defendants

12  have barred Plaintiffs and Class members from leaving Army posts in Kuwait after the local

13  police issued arrest warrants for the group.

14     30.   Now Plaintiffs and nearly 100 Class members deployed as Arabic linguists on

15  camps Buehring and Arifjan have been unable to work or leave either post for medical

16  appointments, personal time or even emergency matters.

17     31.   Plaintiffs and Class members are all at risk of being arrested and deported.  In

18  essence Defendants' actions and legal dispute with the Kuwaiti company they hired to manage

19  their employees, Al Shora, have made Plaintiffs and Class members fugitives.

20     32.   The United States Department of State called the situation a legal dispute

21  between two companies, and said it could not intervene.  The Army's Intelligence and Security

22  Command, which oversees the linguist contract, also said the matter was between Defendants

23  and Al Shora due to the private nature of the dispute.  In short Plaintiffs and Class members are

24  stuck until Defendants resolves the dispute.  This fact notwithstanding, Defendants have failed

25  to "free" Plaintiffs and Class members for months; and instead, Defendants have used them—

26  their own employees—as pawns in their legal and monetary dispute with Al Shora.

27     33.   Defendants, in their efforts to cuts costs, have relegated Plaintiffs and Class

28  members in crammed and substandard living conditions for months at a time.  Dozens of

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1   Linguists are assigned to live in one 300-square-feet tent with limited air conditioning, running

2   water and electricity.

3        34.    Defendants actions have created a hostile working environment for Plaintiffs and

4   Class members, and caused them to become disabled through stress.

5        35.    Defendants have also terminated and/or demoted Plaintiffs and Class members

6   due to their "non-working" status, disability, and their purported need to fill their customer's

7   demands.  As detailed above, Plaintiffs and Class members' inability to work or travel, and

8   disability were caused by their employer's actions, and no fault of their own.  However

9   Defendants decided to terminate and/or cut Plaintiffs and Class members' pay all to save costs

10  and increase their own bottom line.

11       36.    Moreover Defendants required Plaintiffs and Class members to work 12 hours

12  per day, 6 days per week, totaling a minimum of 72 hours per week.  However Defendants

13  willfully failed to Plaintiffs and Class members at their proper overtime rate.  Plaintiffs and

14  Class members do not have authority to take any discretionary actions; they do not direct the

15  work of Defendants' other personnel; they do not formulate or effectuate management policies;

16  they do not have authority to hire or fire employees; and, they do not supervise or manage any

17  programs or personnel.  In fact Defendants specify in the employment contracts that Plaintiffs

18  and Class members will "receive all day-to-day working directions and required support from

19  [their] supervisors and/or other representative(s) of [Defendants] acting on behalf of the

20  supervisor."

21       37.    Further Plaintiffs and Class members were forced to waive any jury trial, and

22  arbitrate their employment claims under Virginia law.  Defendants presented the adhesion

23  contacts to Plaintiffs and Class members after they arrived in Kuwait; and after their work visas

24  and passports were revoked from them.  Unable to work or travel, and at Defendants' mercy,

25  Plaintiffs and Class members involuntarily signed the adhesion contracts at a time when they

26  were subjected to duress, coercion, undue influence, pressure and intimidation.

27

28

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

## CLASS ACTION ALLEGATIONS

38.    Plaintiffs bring this action individually, as well as on behalf of each and all other persons similarly situated, and thus seek class certification under California Code of Civil Procedure section 382.

39.    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

40.    The proposed Class consists of and is defined as:

> All current and/or former employees that worked for Defendants as Arabic Linguists in the Middle East at any time after the date four years prior to the filing of this Complaint.

41.    The proposed sub-classes consist of and are defined as:

### False Imprisonment Class

All members of the Class that worked as Arabic Linguists for Defendants in Kuwait, and were barred from leaving the Army posts in Kuwait beginning in 2013.

### Unlawful Demotion Class

All members of the Class that worked as Arabic Linguists "CAT" for Defendants in Kuwait, and were subsequently demoted to "CAT I" beginning in 2013.

### Wrongful Termination Class

All members of the Class that worked as Arabic Linguists for Defendants in Kuwait, and were subsequently terminated beginning in 2013 because of Defendants failure to obtain work permits and/or visas on their behalf.

### Disability Class

All members of the Class that suffered stress and became disabled from Defendants' actions in Kuwait beginning in 2013;

### Overtime Class

All members of the Class who are employed or have been employed by Defendants who, at any time after the date four years prior to the filing of this Complaint, have worked in Defendants' locations and were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week.

<u>Waiting Time Class</u>

All members of the Class who are employed or have been employed by Defendants who, at any time after the date three years prior to the filing of this Complaint separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

Plaintiffs reserve the right to establish additional sub-classes as appropriate.

42.   At all material times, Plaintiffs were members of the Class.

43.   There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)   <u>Numerosity</u>:  The members of the class (and each subclass) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest.  Plaintiffs' claims (or defenses, if any) are typical of all Class members as demonstrated herein.

(c)   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that Plaintiffs have an obligation to make known to the Court any relationship, conflicts or differences with any Class member.  Plaintiffs' attorneys, the proposed Class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d)   <u>Superiority</u>:  The nature of this action makes the use of class action

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1    adjudication superior to other methods.  Class action will achieve

2    economies of time, effort, and expense as compared with separate

3    lawsuits, and will avoid inconsistent outcomes because the same issues

4    can be adjudicated in the same manner and at the same time for the

5    entire Class.

6    (e)    Public Policy Considerations:  Employers in the State of California

7    violate employment and labor laws every day.  Current employees are

8    often afraid to assert their rights out of fear of direct or indirect

9    retaliation.  Former employees are fearful of bringing actions because

10   they believe their former employers might damage their future

11   endeavors through negative references and/or other means.  Class

12   actions provide the class members who are not named in the complaint

13   with a type of anonymity that allows for the vindication of their rights at

14   the same time as their privacy is protected.

15   44.    There are common questions of law and fact as to the Class (and each subclass)

16   that predominate over questions affecting only individual members, including but not limited

17   to:

18   (a)    Whether Defendants engaged in unfair business practices in

19   violation of California Business & Professions Code § 17200,

20   et seq.;

21   (b)    Whether Defendants falsely imprisoned Plaintiffs and Class members;

22   (c)    Whether Defendants' actions breached its contract with Plaintiffs and

23   Class members;

24   (d)    Whether Defendants' actions breached the implied covenant of good

25   faith and fair dealing with Plaintiffs and Class members;

26   (e)    Whether Defendants were negligent in the hiring and retention of their

27   sponsor;

28   (f)    Whether Defendants' conduct was willful or reckless;

CLASS ACTION COMPLAINT

13

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

(g)   Whether Defendants violated Labor Code § 970 by inducing Plaintiffs and Class members' employment in Kuwait through false representations;

(h)   Whether Defendants' violated California's Fair Employment Housing Act ("FEHA") and/or public policy by terminating and/or demoting Plaintiffs and Class members;

(i)   Whether Defendants' violated California's Fair Employment Housing Act ("FEHA") and/or public policy by discriminating Plaintiffs and Class members based on their disability;

(j)   Whether Defendants' violated California's Fair Employment Housing Act ("FEHA") and/or public policy by harassing Plaintiffs and Class members through the creation and maintenance of a hostile work environment;

(k)   Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week;

(l)   Whether Defendants failed to timely pay all wages due to Plaintiffs and Class members upon their discharge or resignation; and

(m)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200, et seq.**

**(By the Plaintiffs and Class and against all Defendants)**

45.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

46.   Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

47.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

1    unlawful, and harmful to Plaintiffs, other Class members, and to the general public.  Plaintiffs

2    seeks to enforce important rights affecting the public interest within the meaning of Code of

3    Civil Procedure § 1021.5.

4        48.    Defendants' activities, as alleged herein, are violations of California law, and

5    constitute unlawful business acts and practices in violation of California Business &

6    Professions Code § 17200, et seq.

7        49.    A violation of California Business & Professions Code § 17200, et seq. may be

8    predicated on the violation of any state or federal law.  All of the acts described herein are

9    unlawful and in violation of, among others, California Labor Code, Fair and Employment

10    Housing Act, and public policy; and in addition are immoral, unethical, oppressive, fraudulent

11    and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices

12    in violation of California Business and Professions Code § 17200, et seq.

### False Imprisonment

14        50.    Defendants falsely imprisoning Plaintiffs and Class members by barring them

15    from leaving Army posts in Kuwait constitutes unlawful and/or unfair activity prohibited by

16    Business and Professions Code § 17200, et seq.

### Breach of Implied Covenant of Good Faith and Fair Dealing

18        51.    Defendants' actions breaching the implied covenant of good faith and fair

19    dealing constitutes unlawful and/or unfair activity prohibited by Business and Professions

20    Code § 17200, et seq.

### Negligent Hiring and Retention

22        52.    Defendants' negligence in the hiring and retention of their sponsors constitutes

23    unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Misrepresentation

25        53.    Defendants' inducing Plaintiffs and Class members' employment in Kuwait

26    through false representations violates Labor Code § 970, and constitutes unlawful and/or

27    unfair activity prohibited by Business and Professions Code § 17200, et seq.

28

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

### Wrongful Termination and/or Demotion

54.    Defendants' adverse employment actions against Plaintiffs and Class members based on, among others, their disability violate FEHA and public policy and constitute unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Hostile Work Environment Harassment

55.    Defendants' adverse employment actions against Plaintiffs and Class members based on, among others, their harassment through the creation and maintenance of a hostile work environment violate FEHA and public policy and constitute unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

56.    Defendants' failure to pay overtime compensation and other benefits in violation of Cal. Labor Code §§ 510, 1197, 1198, Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

57.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiffs, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

58.    Plaintiffs and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

59.    Plaintiffs, individually, and on behalf of Class members, are entitled to, and do, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiffs have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs and Class members are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

60.    Plaintiffs, individually, and on behalf of Class members, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM, LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

61.     Plaintiffs, individually, and on behalf of Class members, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs, individually, and on behalf of Class members, have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

62.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiffs and Class members are entitled to restitution of any wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to free Plaintiffs and Class members to return to work or leave the Army bases for medical appointments, personal time and emergency matters; pay all outstanding wages due to Plaintiffs and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## SECOND CAUSE OF ACTION

### False Imprisonment

### (By the Plaintiffs and Class and against all Defendants)

63.     Plaintiffs incorporate all paragraphs above as though fully set forth herein.

64.     False imprisonment is the non-consensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short, which causes the plaintiff to suffer harm. (*Molko v. Holy Spirit Ass'n* (1988) 46 Cal.3d 1092; *Scofield v. Critical Air Medicine* (1996) 45 Cal.App.4th 990)

65.     At all times relevant herein, in the absence of any privilege to do so, Defendants acted with the intention of confining Plaintiff within fixed boundaries.  Defendants' acts directly

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1   or indirectly resulted in confinement, and the confinement was effectuated without Plaintiffs and

2   Class members' consent.

3       66.    Defendants imposed by physical barriers and by means of unreasonable duress

4   unlawful restraint upon Plaintiffs' freedom of movement, to wit by barring Plaintiffs and Class

5   members from leaving the Army bases for any reason, including medical appointments,

6   personal time and emergency matters.

7       67.    In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait,

8   Defendants—in an effort to increase their profit margins—re-bid its sponsorship contract.

9   Defendants severed their ties with their sponsor, Al Shora, in favor of a new Kuwaiti company,

10  KRH.

11      68.    In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among

12  others, failing to obtain approval from their incumbent sponsor.  Defendants created a legal

13  dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with their

14  sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of

15  Plaintiffs and Class members.

16      69.    In or about March 2013, Al Shora turned over the names of Defendants'

17  employees to Kuwaiti immigration authorities; declared them absent from work; and, in

18  violation of their working visas.  Consequently Plaintiffs and Class members' work visas were

19  cancelled, and they were placed on Kuwaiti's "blacklist" for arrest and/or deportation.

20  Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their

21  work visas—were never returned to them.

22      70.    The United States Army suspended the use of Plaintiffs and Class members'

23  linguistic services in light of the dispute between Defendants and Al Shora.  Further Defendants

24  have barred Plaintiffs and Class members from leaving Army posts in Kuwait after the local

25  police issued arrest warrants for the group.

26      71.    Now Plaintiffs and nearly 100 Class members deployed as Arabic linguists on

27  camps Buehring and Arifjan have been unable to work or leave either post for medical

28  appointments, personal time or even emergency matters.

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

Page 14

CLASS ACTION COMPLAINT

72.     Plaintiffs and Class members are currently confined under the circumstances described in greater detail, and have been confined for almost six months now.

73.     As a direct and proximate result of Defendants' conduct as described in greater detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special, and compensatory damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme anxiety, plus medical expenses, future medical expenses, damage to their reputation, and attorneys' fees and costs of litigation, all to their damage in an amount according to proof at trial.

74.     Said conduct was wrongful and justifies the imposition of punitive damages.  In committing the unlawful conduct as herein alleged, Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and Class members, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiffs and Class members are entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

### THIRD CAUSE OF ACTION

**Breach of Implied Covenant of Good Faith and Fair Dealing**

**(By the Plaintiffs and Class and against all Defendants)**

75.     Plaintiffs incorporate all paragraphs above as though fully set forth herein.

76.     Defendants employed Plaintiffs and Class members as Arabic Linguists to provide translation and interpretation services to the United States Army stationed in Camps Buehring and Arifjan, Kuwait.  Plaintiffs and Class members have a contract of employment with GLS.

77.     The employment contract contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiffs and their performance under the said contract and to refrain from doing any act which would prevent or impede Plaintiff's enjoyment of the fruits of the said contract.  Specifically, the said covenant of

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1   good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the

2   terms and conditions of the agreement.

3       78.    Plaintiffs and Class members were in an inherently unequal bargaining position

4   in their dealing with Defendants, an established company with millions of dollars in assets.  In

5   addition, once Plaintiffs and Class members committed themselves to the above-stated contract

6   and took the reasonable actions alleged herein in reliance on the said contract, Plaintiffs and

7   Class members were placed in a particularly vulnerable position because few openings existed

8   in their field for persons of their experience and qualifications.  Plaintiffs and Class members

9   had entrusted their entire livelihood to Defendants' willingness to perform their obligations

10  under the contract, and risked suffering grave harm if Defendants failed to perform.  Defendants

11  were aware of Plaintiffs and Class members' vulnerability in this regard and took advantage of

12  it.

13      79.    Plaintiffs are informed and on that basis believe that Defendants breached their

14  contract with Plaintiffs and Class members without conducting any reasonable investigation

15  concerning their obligations under the said contract, without good or sufficient cause, for

16  reasons extraneous to the contract, and for the purpose of frustrating Plaintiffs and Class

17  members' enjoyment of the benefits of the contract.  Accordingly Defendants breached their

18  implied duty of good faith and fair dealing.

19      80.    Further Defendants breached this covenant with regard to Plaintiffs and Class

20  members through their conduct in:

21      (a)    Subjecting Plaintiffs to differential standards of conduct from other

22  employees;

23      (b)    In switching sponsors, Defendants flouted Kuwaiti immigration laws by,

24  among others, failing to obtain approval from their incumbent sponsor.  Defendants created a

25  legal dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with

26  its sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being

27  of Plaintiffs and Class members;

28

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM, LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

(c)     Placing Plaintiffs and Class members all at risk of being arrested and deported. Defendants' actions and legal dispute with the Kuwaiti company they hired to manage their employees, Al Shora, have made Plaintiffs and Class members fugitives;

(d)     Failing to "free" Plaintiffs and Class members for months; and instead, using them—their own employees—as pawns in their legal and monetary dispute with Al Shora;

(e)     Relegating Plaintiffs and Class members in crammed and substandard living conditions for months at a time. Dozens of Linguists are assigned to live in one 300-square-feet tent with limited air conditioning, running water and electricity; and

(f)     Terminating and/or demoting Plaintiffs and Class members due to their "non-working" status, disability and Defendants' purported need to fill their customer's demands. As alleged above, Plaintiffs and Class members' inability to work or travel were caused by Defendants' actions, and no fault of their own. However Defendants have decided to terminate and/or cut Plaintiffs and Class members' pay all to save costs and increase their own bottom line.

81.     As a result of Defendants' violation of said implied covenant of good faith and fair dealing and their reprehensible and wilful conduct, Plaintiffs and Class members have suffered harm in:

(a)     The destruction of Plaintiffs and Class members' valuable property interests in their job and profession;

(b)     Incurring of reasonable attorneys fees in their attempts to obtain the benefits due to them under the above-stated employment contract with Defendants;

(c)     Substantial loss in earnings, bonuses, deferred compensation, and other employment benefits and cost incurred in seeking and performing substitute employment; and

(d)     Causing Plaintiffs and Class members to suffer and continue suffering humiliation, embarrassment, and mental anguish, all to their damage in an amount to be determined at trial.

82.     The primary motivation of Plaintiffs in making the above-stated contract was to obtain secure employment and terms and conditions of employment which would permit their

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1  growth and development as well as allow them substantial autonomy, freedom of action, and a

2  supportive work environment.

3      83.      Defendants committed the acts alleged herein maliciously, fraudulently, and

4  oppressively with the wrongful intention of injuring Plaintiffs and Class members.  Furthermore

5  Defendants committed these acts for an improper and evil motive amounting to malice, and in

6  conscious disregard of Plaintiffs' rights.  Plaintiffs are thus entitled to recover punitive damages

7  in an amount according to proof.

8                        **FOURTH CAUSE OF ACTION**

9                        **Negligent Hiring and Retention**

10                **(By the Plaintiffs and Class and against all Defendants)**

11     84.      Plaintiffs incorporate all paragraphs above as though fully set forth herein.

12     85.      At all times mentioned in this Complaint, Defendants negligently and carelessly

13  selected their agents and/or employees including, but not limited to, their sponsoring company,

14  Al Shora and KRH.

15     86.      As detailed above, Defendants are required to hire the services of the local firm

16  or sponsor.  The sponsor applies for working visas on behalf of the employees and manages

17  aspects of their payroll.

18     87.      In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait,

19  Defendants—in an effort to increase their profit margins—re-bid their sponsorship contract.

20  Defendants severed their ties with their sponsor, Al Shora, in favor of a new Kuwaiti company,

21  KRH.

22     88.      In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among

23  others, failing to obtain approval from their incumbent sponsor.  Defendants created a legal

24  dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with its

25  sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of

26  Plaintiffs and Class members.

27     89.      In or about March 2013, Al Shora turned over the names of Defendants'

28

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1   employees to Kuwaiti immigration authorities; declared them absent from work; and, in

2   violation of their working visas.  Consequently Plaintiffs and Class members' work visas were

3   cancelled, and they were placed on Kuwaiti's "blacklist" for arrest and/or deportation.

4   Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their

5   work visas—were never returned to them.

6       90.   Defendants breached their duty to exercise reasonable care and acted negligently

7   and carelessly in the selection of their sponsors, and in failing to train their employees and/or

8   agents in Kuwaiti immigration laws.  Consequently Defendants failed to take reasonable steps to

9   protect Plaintiffs and Class members.

10      91.   As a further direct and proximate result of the negligence of Defendants as set

11  forth above, Plaintiffs sustained mental anguish and pain and suffering and continues to suffer

12  humiliation, embarrassment, mental and emotional distress, and distress, and discomfort, all to

13  Plaintiffs' damage in an amount to be determined by proof at trial.

### FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(By Plaintiff Mokhtar Farag and Class and against all Defendants)**

17      92.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

18      93.   At all times mentioned herein, the public policy of the State of California, as

19  codified, expressed and mandated in California Government Code §§ 12940 et seq., is to

20  prohibit employers from discriminating, harassing and retaliating against any individual on the

21  basis of age and disabilities.  This public policy of the State of California is designed to

22  protect all employees and to promote the welfare and well being of the community at large.

23      94.   Plaintiff Mokhtar Farag was employed as a "Linguist" for Defendants from

24  September 2012 to approximately August 2013.  Plaintiff was terminated in or about August

25  2013 due to, among others, his disability and age.

26      95.   Defendants terminated Plaintiff and Class members due to their "non-working"

27  status, disability, and their purported need to fill their customer's demands.  As detailed above,

28  Plaintiffs and Class members' inability to work or travel, and disability were caused by their

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

22

1   employer's actions, and no fault of their own.  However Defendants decided to terminate

2   Plaintiff and Class members all to save costs and increase their own bottom line.

3         96.    Defendants' actions in terminating Plaintiff based on his age and disabilities

4   were wrongful and in contravention of the express public policy of the State of California,

5   namely the policy set forth in California Government Code §§ 12940 et seq. and the laws and

6   regulations promulgated thereunder.

7         97.    The conduct, statements and acts described herein were an ongoing part of a

8   continuing scheme and course of conduct.  Defendants knew the substance of the above-

9   described facts and circumstances and ratified the wrongs and injuries mentioned herein when

10  it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants continued

11  to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the

12  fact that its officials, supervisors and/or managing agents knew or reasonably should have

13  known, and know or reasonably should know, of the conduct and its unlawful motivations.

14        98.    As a direct and proximate result of Defendants' conduct as described in greater

15  detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special,

16  and compensatory damages, including but not limited to, substantial losses in earnings, other

17  employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme

18  anxiety, plus medical expenses, future medical expenses, damage to their reputation, and

19  attorneys' fees and costs of litigation, all to their damage in an amount according to proof at

20  trial.

21        99.    Said conduct was wrongful and justifies the imposition of punitive damages.  In

22  committing the unlawful conduct as herein alleged, Defendants, and each of them, acted

23  maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and

24  Class members, from an improper purpose and evil motive amounting to malice, and in

25  conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiffs and Class

26  members are entitled to recover punitive damages from Defendants and each of them, in an

27  amount according to proof.

28

CARLIN & BUCHSBAUM, LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

23

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

## SIXTH CAUSE OF ACTION

### Wrongful Demotion in Violation of Public Policy

### (By Plaintiff Alfred Zaklit and Class and against all Defendants)

100.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

101.    At all times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in California Government Code §§ 12940 et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of disabilities.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large.

102.    Plaintiff Alfred Zaklit has been employed as a "Linguist" for Defendant from September 2012 to present.

103.    Defendants demoted Plaintiff and Class members from Linguist "CAT" to a "CAT I" due to their disability, "non-working" status, and Defendants' purported need to fill their customer's demands.  As alleged above, Plaintiffs and Class members' inability to work or travel, and disability were caused by Defendants' actions, and no fault of their own. However Defendants decided to cut Plaintiff and Class members' pay all to save costs and increase its own bottom line.

104.    Defendants' actions in demoting Plaintiff based on his disability, inability to work or travel, were wrongful and in contravention of the express public policy of the State of California, namely the policy set forth in California Government Code §§ 12940 et seq. and the laws and regulations promulgated thereunder.

105.    The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct.  Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

106.   As a direct and proximate result of Defendants' conduct as described in greater detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special, and compensatory damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme anxiety, plus medical expenses, future medical expenses, damage to their reputation, and attorneys' fees and costs of litigation, all to their damage in an amount according to proof at trial.

107.   Said conduct was wrongful and justifies the imposition of punitive damages.  In committing the unlawful conduct as herein alleged, Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and Class members, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiffs and Class members are entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Disability Discrimination in Violation of FEHA

### (By the Plaintiffs and Class and against all Defendants)

108.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

109.   The Fair Employment and Housing Act ("FEHA") prohibits discrimination against an employee because of his or her actual and/or perceived disabilities.

110.   At all relevant times, Plaintiffs and Class members were a person with an actual and/or perceived disability within the meaning of the FEHA in that Plaintiffs and Class members suffered from stress caused by Defendants actions and policies.

111.   Defendants discriminated against Plaintiffs and Class members because of their actual and/or perceived disabilities by, among other things,

(a)   Failing to engage in a good faith interactive process with Plaintiffs and Class members to determine effective reasonable accommodations for their actual and/or perceived disabilities;

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

(b)     Discriminating against and harassing Plaintiffs and Class members because of their actual and/or perceived disabilities;

(c)     Retaliating against Plaintiffs and Class members because of their actual and/or perceived disabilities;

(d)     Refusing to make reasonable accommodations for Plaintiffs and Class members' actual and/or perceived disabilities; and

(e)     Terminating and/or demoting Plaintiffs and Class members' employment because of their actual and/or perceived disabilities.

112.     The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct.  Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

113.     As a direct and proximate result of Defendants' conduct as described in greater detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special, and compensatory damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme anxiety, plus medical expenses, future medical expenses, damage to their reputation, and attorneys' fees and costs of litigation, all to their damage in an amount according to proof at trial.

114.     Said conduct was wrongful and justifies the imposition of punitive damages.  In committing the unlawful conduct as herein alleged, Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and Class members, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiffs and Class

1   members are entitled to recover punitive damages from Defendants and each of them, in an

2   amount according to proof.

3   ## EIGHTH CAUSE OF ACTION

4   **Failure to Provide Reasonable Accommodation in Violation of FEHA**

5   **(By the Plaintiffs and Class and against all Defendants)**

6      115.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

7      116.   California Government Code § 12940(m) provides that it is unlawful for an

8   employer to fail to make reasonable accommodation for the actual and/or perceived

9   disabilities of an employee.

10     117.   Defendants failed to offer or make reasonable accommodation for Plaintiffs and

11  Class members' actual and/or perceived disabilities by failing and refusing to provide them

12  with leaves of absences and/or excused absences for their documented medical conditions; and

13  by terminating and/or demoting them from their employment.

14     118.   The conduct, statements and acts described herein were an ongoing part of a

15  continuing scheme and course of conduct. Defendants knew the substance of the above-

16  described facts and circumstances and ratified the wrongs and injuries mentioned herein when

17  it was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued

18  to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the

19  fact that its officials, supervisors and/or managing agents knew or reasonably should have

20  known, and know or reasonably should know, of the conduct and its unlawful motivations.

21     119.   As a direct and proximate result of Defendants' conduct as described in greater

22  detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special,

23  and compensatory damages, including but not limited to, substantial losses in earnings, other

24  employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme

25  anxiety, plus medical expenses, future medical expenses, damage to their reputation, and

26  attorneys' fees and costs of litigation, all to their damage in an amount according to proof at

27  trial.

28

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

120. Said conduct was wrongful and justifies the imposition of punitive damages. In committing the unlawful conduct as herein alleged, Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and Class members, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the foregoing, Plaintiffs and Class members are entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

## NINTH CAUSE OF ACTION

### Failure to Engage in Interactive Process in Violation of FEHA

### (By the Plaintiffs and Class and against all Defendants)

121. Plaintiff incorporates all paragraphs above as though fully set forth herein.

122. California Government Code § 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations. Defendants failed to engage in a timely, good faith, interactive process with Plaintiffs and Class members to determine effective reasonable accommodations for their actual and/or perceived disabilities. Defendants failed to offer or make reasonable accommodation for Plaintiffs and Class members' actual and/or perceived disabilities by failing and refusing to provide them with leaves of absences and/or excused absences for their documented medical conditions; and by terminating and/or demoting them from their employment.

123. The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

124.     As a direct and proximate result of Defendants' conduct as described in greater detail above, Plaintiffs and Class members have suffered and continues to suffer actual, special, and compensatory damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, extreme anxiety, plus medical expenses, future medical expenses, damage to their reputation, and attorneys' fees and costs of litigation, all to their damage in an amount according to proof at trial.

125.     Said conduct was wrongful and justifies the imposition of punitive damages.  In committing the unlawful conduct as herein alleged, Defendants, and each of them, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and Class members, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiffs and Class members are entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

## TENTH CAUSE OF ACTION

### Violation of California Labor Code § 970

### (Misrepresentation)

### (By the Plaintiffs and Class and against all Defendants)

126.     Plaintiffs incorporate all paragraphs above as though fully set forth herein.

127.     An employer may not induce an individual to relocate for purposes of working by means of a knowingly false representation concerning the work. (Cal. Lab. Code § 970)

128.     Cal. Lab. Code § 970 states that misrepresentation may be spoken, written or advertised in printed form, concerning either the:

- Kind, character, or existence of the work;

- Length of time such work will last, or the compensation therefor;

- Sanitary or housing conditions relating to or surrounding the work;

- Existence of any strike, lockout, or other labor dispute pending between employer and the prospective employee's predecessor.

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

(Cal. Lab. Code § 970)

129.    As detailed above, Defendants employed Plaintiffs and Class members as Arabic Linguists to provide translation and interpretation services to the United States Army stationed in Camps Buehring and Arifjan, Kuwait.  Defendants induced Plaintiffs to relocate from California to Kuwait in exchange for a set salary, per diem pay, and standard housing.

130.    In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait, Defendants—in an effort to increase their profit margins—re-bid their sponsorship contract. Defendants severed their ties with its sponsor, Al Shora, in favor of a new Kuwaiti company, KRH.

131.    In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among others, failing to obtain approval from their incumbent sponsor.  Defendants created a legal dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with their sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of Plaintiffs and Class members.

132.    In or about March 2013, Al Shora turned over the names of Defendants' employees to Kuwaiti immigration authorities; declared them absent from work; and, in violation of their working visas.  Consequently Plaintiffs and Class members' work visas were cancelled, and they were placed on Kuwait's "blacklist" for arrest and/or deportation. Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their work visas—were never returned to them.

133.    The United States Army suspended the use of Plaintiffs and Class members' linguistic services in light of the dispute between GLS and Al Shora.  Further GLS has barred Plaintiffs and Class members from leaving Army posts in Kuwait after the local police issued arrest warrants for the group.

134.    Now Plaintiffs and nearly 100 Class members deployed as Arabic linguists on camps Buehring and Arifjan have been unable to work or leave either post for medical appointments, personal time or even emergency matters.

135.   Defendants dispute with Al Shora was never disclosed to Plaintiffs and Class members.

136.   Additionally Defendants misrepresented to Plaintiffs and Class members about providing them with standard housing.  Instead Defendants have relegated Plaintiffs and Class members to crammed and substandard living conditions for months at a time.  Dozens of Linguists are assigned to live in one 300-square-feet tent with limited air conditioning, running water and electricity.

137.   Further Defendants misrepresented to Plaintiffs and Class members about their position and pay.  Defendants terminated and/or demoted Plaintiffs and Class members—after their relocation to Kuwait—due to their "non-working" status, disability and Defendants' purported need to fill their customer's demands.  As alleged above, Plaintiffs and Class members' inability to work or travel were caused by Defendants' actions, and no fault of their own.  However Defendants have decided to terminate and/or cut Plaintiffs and Class members' pay.

138.   Defendants promise was made without any intention to perform it or that Defendants knew that their representations were false at the time they were made.

139.   Pursuant to the applicable California Labor Code sections, Plaintiffs and Class members are entitled to recover from Defendants compensatory damages, double damages and penalties.

## ELEVENTH CAUSE OF ACTION

### Hostile Work Environment Harassment

### (By the Plaintiffs and Class and against all Defendants)

140.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

141.   Defendants' conduct created a hostile work environment for Plaintiffs and Class members, making the conditions of their employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to California Government Code §12940. Defendants subjected Plaintiffs and Class members to a hostile work

CARLIN & BUCHSBAUM, LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

1   environment due to, including but not limited to, harassment through false imprisonment and

2   disability discrimination.

3       142.   As detailed above, Defendants imposed by physical barriers and by means of

4   unreasonable duress unlawful restraint upon Plaintiffs' freedom of movement, to wit by barring

5   Plaintiffs and Class members from leaving the Army bases for any reason, including medical

6   appointments, personal time and emergency matters.

7       143.   In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait,

8   Defendants—in an effort to increase their profit margins—re-bid its sponsorship contract.

9   Defendants severed their ties with their sponsor, Al Shora, in favor of a new Kuwaiti company,

10  KRH.

11      144.   In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among

12  others, failing to obtain approval from their incumbent sponsor. Defendants created a legal

13  dispute with Al Shora. More importantly, and regardless of the nature of the dispute with their

14  sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of

15  Plaintiffs and Class members.

16      145.   In or about March 2013, Al Shora turned over the names of Defendants'

17  employees to Kuwaiti immigration authorities; declared them absent from work; and, in

18  violation of their working visas. Consequently Plaintiffs and Class members' work visas were

19  cancelled, and they were placed on Kuwait's "blacklist" for arrest and/or deportation.

20  Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their

21  work visas—were never returned to them.

22      146.   The United States Army suspended the use of Plaintiffs and Class members'

23  linguistic services in light of the dispute between Defendants and Al Shora. Further Defendants

24  have barred Plaintiffs and Class members from leaving Army posts in Kuwait after the local

25  police issued arrest warrants for the group.

26      147.   Now Plaintiffs and nearly 100 Class members deployed as Arabic linguists on

27  camps Buehring and Arifjan have been unable to work or leave either post for medical

28  appointments, personal time or even emergency matters.

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

148.   Plaintiffs and Class members are currently confined under the circumstances described in greater detail, and have been confined for almost six months now.

149.   At all relevant times, Plaintiffs and Class members were a person with an actual and/or perceived disability within the meaning of the FEHA in that Plaintiffs and Class members suffered from stress caused by Defendants actions and policies.

150.   Defendants subjected Plaintiffs and Class members to a hostile work environment harassment by discriminating against them because of their actual and/or perceived disabilities by, among other things,

    (a)   Failing to engage in a good faith interactive process with Plaintiffs and Class members to determine effective reasonable accommodations for their actual and/or perceived disabilities;

    (b)   Discriminating against and harassing Plaintiffs and Class members because of their actual and/or perceived disabilities;

    (c)   Retaliating against Plaintiffs and Class members because of their actual and/or perceived disabilities;

    (d)   Refusing to make reasonable accommodations for Plaintiffs and Class members' actual and/or perceived disabilities; and

    (e)   Terminating and/or demoting Plaintiffs and Class members' employment because of their actual and/or perceived disabilities.

151.   Such harassment was so severe and pervasive that it altered the conditions of Plaintiffs and Class members' employment, creating a hostile, abusive work environment and thereby endangering Plaintiffs and Class members' physical health and making their working conditions intolerable.  Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiffs and Class members' employment.

152.   As a direct and legal result of Defendants' conduct, and each of them, Plaintiffs have suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

33

1  expenses, and attorneys' fees, all to their damage in the amount according to proof.

2      153.    Said actions by Defendants justify the imposition of punitive damages in that

3  the actions were against public policy.  Defendants committed the acts alleged herein

4  maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs,

5  from an improper and evil motives amounting to malice in conscious disregard of Plaintiffs'

6  rights.

7  **TWELFTH CAUSE OF ACTION**

8  **Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime**

9  **(By the Plaintiffs and Class and against all Defendants)**

10      154.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

11      155.    California Labor Code § 510 provides that employees in California shall not be

12  employed more than eight hours in any workday or 40 hours in a workweek unless they

13  receive additional compensation beyond their regular wages in amounts specified by law.

14      156.    California Labor Code §§ 1194 and 1198 provide that employees in California

15  shall not be employed more than eight hours in any workday unless they receive additional

16  compensation beyond their regular wages in amounts specified by law.  Additionally,

17  California Labor Code § 1198 states that the employment of an employee for longer hours

18  than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage

19  Order of the Industrial Welfare Commission requires, among other things, payment of a

20  premium wage rate for all hours worked in excess of eight hours per day or 40 hours per

21  week.

22      157.    Defendants required Plaintiffs and Class members to work 12 hours per day, 6

23  days per week, totaling a minimum of 72 hours per week.  However Defendants willfully

24  failed to Plaintiffs and Class members at their proper overtime rate.  Plaintiffs and Class

25  members do not have authority to take any discretionary actions; they do not direct the work

26  of Defendants' other personnel; they do not formulate or effectuate management policies; they

27  do not have authority to hire or fire employees; and, they do not supervise or manage any

28  programs or personnel.  In fact, Defendants specify in the employment contracts that Plaintiffs

Page 31

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

and Class members will "receive all day-to-day working directions and required support from [their] supervisors and/or other representative(s) of [Defendants] acting on behalf of the supervisor."

158.    Defendants knowingly and willingly failed to pay Plaintiffs and Class members overtime wages as required by law.

159.    Plaintiffs request recovery of overtime compensation  according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.  Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## THIRTEENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202—

### Wages Not Timely Paid Upon Termination

### (By Plaintiff Mokhtar Farag and Class and against all Defendants)

160.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

161.    California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

162.    Defendants willfully failed to pay Plaintiff and Class members their wages, including overtime pay, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of her leaving Defendants' employ.

163.    Defendants' failure to pay Plaintiff and Class members their wages, including overtime pay, earned and unpaid at the time of discharge, or within seventy-two (72) hours of her leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

164.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

165.    Plaintiff and Class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By the Plaintiffs and Class and against all Defendants)

166.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

167.    Defendants' conduct of, including but not limited to, false imprisonment, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct, as described in more detail *above*.  Defendants' conduct was intentional or with reckless disregard of causing Plaintiffs' injury.

168.    As a proximate result of Defendants' conduct, Plaintiffs suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, and other damages to be determined at trial according to proof.

169.    Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein, intentionally, maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Based upon the foregoing, Plaintiffs are entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

## FIFTEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (By the Plaintiffs and Class and against all Defendants)

170.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

171.   Defendants breached their duty owed to Plaintiffs and Class members through their negligent conduct that ultimately led to the false imprisonment of Plaintiffs and Class members.  Defendants negligent actions are not a normal part of an employment relationship, and constitute extreme and outrageous conduct, as described in more detail *above*.

172.   At all times mentioned in this Complaint, Defendants negligently and carelessly selected their agents and/or employees including, but not limited to, their sponsoring company, Al Shora and KRH.

173.   As detailed above, Defendants are required to hire the services of the local firm or sponsor.  The sponsor applies for working visas on behalf of the employees and manages aspects of their payroll.

174.   In early 2013, and subsequent to Plaintiffs and Class members' arrival to Kuwait, Defendants—in an effort to increase their profit margins—re-bid their sponsorship contract. Defendants severed their ties with their sponsor, Al Shora, in favor of a new Kuwaiti company, KRH.

175.   In switching sponsors, Defendants flouted Kuwaiti immigration laws by, among others, failing to obtain approval from its incumbent sponsor.  Defendants created a legal dispute with Al Shora.  More importantly, and regardless of the nature of the dispute with their sponsor, Defendants recklessly put their financial interests ahead of the safety and well-being of Plaintiffs and Class members.

176.   In or about March 2013, Al Shora turned over the names of Defendants' employees to Kuwaiti immigration authorities; declared them absent from work; and, in violation of their working visas.  Consequently Plaintiffs and Class members' work visas were cancelled, and they were placed on Kuwait's "blacklist" for arrest and/or deportation.

1  Additionally Plaintiffs and Class members' passports—held by Al Shora in processing their

2  work visas—were never returned to them.

3     177.   Defendants breached their duty to exercise reasonable care and acted negligently

4  and carelessly in, among others, the selection of their sponsors, and in failing to train their

5  employees and/or agents in Kuwaiti immigration laws.  Consequently Defendants failed to take

6  reasonable steps to protect Plaintiffs and Class members.

7     178.   As a proximate result of Defendants' conduct, Plaintiffs suffered severe

8  emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical

9  expenses, future medical expenses, and other damages to be determined at trial according to

10  proof.

11    179.   Said conduct was wrongful and justifies the imposition of punitive damages.

12  Defendants committed the acts alleged herein, intentionally, maliciously, fraudulently and

13  oppressively, with the wrongful intentions of injuring Plaintiffs, from an improper and evil

14  motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Based upon the

15  foregoing, Plaintiffs are entitled to recover punitive damages from Defendants, and each of

16  them, in an amount according to proof.

17                         **SIXTEENTH CAUSE OF ACTION**

18                                    **Rescission**

19                **(By the Plaintiffs and Class and against all Defendants)**

20    180.   Plaintiffs incorporate all paragraphs above as though fully set forth herein.

21    181.   Plaintiffs and Class members were forced to waive any jury trial, and arbitrate

22  their employment claims under Virginia law.  Defendants presented the adhesion contracts to

23  Plaintiffs and Class members after they arrived in Kuwait; and after their work visas and

24  passports were revoked from them.  Consequently Plaintiffs were at Defendants' mercy

25  because they were unable to work or travel; and, faced the prospect of being thrown into

26  Kuwaiti jail.  Needless to say Plaintiffs and Class members involuntarily signed the adhesion

27  contracts at a time when they were subjected to duress, coercion, undue influence, pressure

28  and intimidation.

CLASS ACTION COMPLAINT

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

182.   Clearly Defendants inclusion of their "Governing Law"—the forum-selection provision—in the employment agreements was the product of fraud and/or overreaching. Also the clause would effectively deprive Plaintiffs and Class members of their day in court.

183.   Accordingly any unlawful forum-selection provision in the employment agreements, including but not limited to, provisions regarding "Governing Law;" Defense Base Act ("DBA") and arbitration, should not be enforced and severed from the employment contracts because Plaintiffs and Class members were induced to agree to the clause only through fraud and/or overreaching.

## PRAYER FOR RELIEF

Plaintiffs, each of them individually, and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representatives of the Class; and

3.   That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by falsely imprisoning Plaintiff and Class members; by breaching the implied covenant of good faith and fair dealing; by negligent hiring and retention; wrongfully terminating and/or demoting Plaintiffs and Class members based on their disabilities; by inducing Plaintiffs and Class members to relocate for purposes of working through false representations concerning the work; and by failing to pay Plaintiffs and Class members at their proper overtime rate.

5.   For injunctive relief safely allowing Plaintiffs and Class members—trapped on camps Buehring and Arifjan, Kuwait—back to work or to leave either post for medical appointments, personal time and emergency matters. Also for injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.,

CLASS ACTION COMPLAINT

6.     For restitution of unpaid wages to Plaintiffs and all Class members and prejudgment interest from the day such amounts were due and payable;

7.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5; and

9.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second through Fifteenth Causes of Action

10.    For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

11.    For interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

12.    For general damages, including, but not limited to, damages for physical injuries and/or physical sickness, according to proof;

13.    For other special damages according to proof, including but not limited to reasonable medical expenses;

14.    For statutory penalties and double damages pursuant to California Labor Code sections 972; Labor Code sections 510, 1197, 1198; and Labor Code sections 201, 202 and 203;

15.    For punitive damages according to proof;

16.    For costs incurred by Plaintiffs, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiffs and Class members; and for violations of Plaintiff's civil rights as set forth above; and

17.    For such other and further relief as the court deems just and proper.

///

///

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

CARLIN & BUCHSBAUM LLP
555 EAST OCEAN BOULEVARD, SUITE 818
LONG BEACH, CALIFORNIA 90802

<u>As to the Sixteenth Cause of Action</u>

18.    For the rescission and/or cancellation of any unlawful forum-selection provision in the employment agreements, including but not limited to, provisions regarding "Governing Law;" Defense Base Act ("DBA") and arbitration; and

19.    For such other and further relief as the court deems just and proper.

Respectfully Submitted,

Dated: October 3, 2013              LAW OFFICES OF CARLIN & BUCHSBAUM
                                    A Limited Liability Partnership

By: _____
                                    Gary R. Carlin
                                    Sang Park
                                    Attorneys for Plaintiffs


### DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Respectfully Submitted,

Dated: October 3, 2013              LAW OFFICES OF CARLIN & BUCHSBAUM
                                    A Limited Liability Partnership

By: _____
                                    Gary R. Carlin
                                    Sang Park
                                    Attorneys for Plaintiff

Page 38

CLASS ACTION COMPLAINT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Sang J. Park, CSBN: 232956
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

TELEPHONE NO.: (562)432-8933    FAX NO.: (562)435-1656
ATTORNEY FOR *(Name)*: Alfred Zaklit, Hany Shaker and Mokhtar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

**FOR COURT USE ONLY**

# FILED
LOS ANGELES SUPERIOR COURT

**OCT 04 2013**

JOHN A. CLARK, CLERK
BY KRISTINA VARGAS, DEPUTY

CASE NAME: ZAKLIT, et al. v. GLOBAL LINGUIST SOLUTIONS, LLC, et al.

CASE NUMBER: BC 523317

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify)*: Sixteen (16)

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Ocotber 3, 2013

Sang J. Park, CSBN: 232956
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

42

FILED
LOS ANGELES SUPERIOR COURT

OCT 01 2013

43

| SHORT TITLE: ZAKLIT, et al. v. GLOBAL LINGUIST SOLUTIONS, LLC, et al. | CASE NUMBER | B C 5 2 3 3 1 7 |
|---|---|---|

**ORIGINAL**

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

44

| SHORT TITLE: ZAKLIT, et al. v. GLOBAL LINGUIST SOLUTIONS, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category (No.) | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

45

| SHORT TITLE: ZAKLIT, et al. v. GLOBAL LINGUIST SOLUTIONS, LLC, et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | . Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

46

| SHORT TITLE: ZAKLIT, et al. v. GLOBAL LINGUIST SOLUTIONS, LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>[x]1. □2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: 555 South Flower Street, Suite 3700 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90071 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __October 3, 2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Sang J. Park, CSBN: 232956

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

47

**Exhibit B**

**ORIGINAL**

Attorney or Party without Attorney:
GARY R. CARLIN
555 EAST OCEAN BLVD.
SUITE 818
LONG BEACH, CA 90802
Telephone No: 562 432-8933

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL

Plaintiff: ZAKLIT
Defendant: GLOBAL LINGUIST SOLUTIONS

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: 307 | Case Number: BC523317 |

*For Court Use Only*

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 29 2013

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

BY LOIS BARAHONA, DEPUTY

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, VOLUNTARY EFFICIENT LITIGATION STIPULATIONS, RIGHT TO SUE LETTERS

3. a. *Party served:*      GLOBAL LINGUIST SOLUTIONS, LLC, A DELAWARE COMPANY
   b. *Person served:*     JAN LAPINID, AUTHORIZED TO ACCEPT SERVICE

4. *Address where the party was served:*     CT CORPORATION
                                              818 W. 7TH ST.
                                              LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Oct. 23, 2013 (2) at: 2:30PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: GLOBAL LINGUIST SOLUTIONS, LLC, A DELAWARE COMPANY
   Other:   LIMITED LIABILITY COMPANY

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                     d. *The Fee for Service was:*   $23.00
   b. **A & M ATTORNEY SERVICE, INC.**       e. I am: (3) registered California process server
      P.O. BOX 7881                              (i)   Owner
      LONG BEACH,, CA 90807                      (ii)  Registration No.:     503-C
   c. 562 426-8306                               (iii) County:               Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   Date:
       Thu, Oct. 24, 2013

PROOF OF SERVICE
SUMMONS & COMPLAINT                    (JEFFREY J. CORZINE)          carli.94655

*48*

| Attorney or Party without Attorney:<br>GARY R. CARLIN<br>555 EAST OCEAN BLVD.<br>SUITE 818<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-8933 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>OCT 29 2013<br><br>SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK<br>BY LOIS BARAHONA, DEPUTY |

Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL

Plaintiff: ZAKLIT

Defendant: GLOBAL LINGUIST SOLUTIONS

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC523317 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, VOLUNTARY EFFICIENT LITIGATION STIPULATIONS, RIGHT TO SUE LETTERS

3. a. *Party served:*  DYNCORP INTERNATIONAL, LLC, A DELAWARE COMPANY
   b. *Person served:*  JAN LAPINID, AUTHORIZED TO ACCEPT SERVICE

4. *Address where the party was served:*  CT CORPORATION
   818 W. 7TH ST.
   LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Oct. 23, 2013 (2) at: 2:30PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  DYNCORP INTERNATIONAL, LLC, A DELAWARE COMPANY
   Other:  LIMITED LIABILITY COMPANY

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                    d. *The Fee for Service was:*      $20.00
   b. **A & M ATTORNEY SERVICE, INC.**      e. I am: (3) registered California process server
      P.O. BOX 7881                            *(i)* Owner
      LONG BEACH,, CA 90807                    *(ii)  Registration No.:*      503-C
   c. 562 426-8306                             *(iii)  County:*              Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   Date:
   Thu, Oct. 24, 2013

PROOF OF SERVICE
SUMMONS & COMPLAINT

(JEFFREY J. CORZINE)

carli.94656

49

ORIGINAL

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| GARY R. CARLIN<br>555 EAST OCEAN BLVD.<br>SUITE 818<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-8933 | | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>OCT 29 2013<br><br>SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK<br>BY LUIS BARAHONA, DEPUTY |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL

Plaintiff: ZAKLIT

Defendant: GLOBAL LINGUIST SOLUTIONS

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC523317 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET
   ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, VOLUNTARY EFFICIENT
   LITIGATION STIPULATIONS, RIGHT TO SUE LETTERS

3. a. Party served:          AECOM SERVICES, INC., A CALIFORNIA CORPORATION
   b. Person served:         JAN LAPINID, AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:   CT CORPORATION
                                          818 W. 7TH ST.
                                          LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party (1) on: Wed., Oct. 23, 2013 (2) at: 2:30PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  AECOM SERVICES, INC., A CALIFORNIA CORPORATION

7. *Person Who Served Papers:*                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                         d.  *The Fee for Service was:*   $41.50
   b. **A & M ATTORNEY SERVICE, INC.**           e.  I am: (3) registered California process server
      P.O. BOX 7881                                   (i)   Owner
      LONG BEACH,, CA 90807                           (ii)  *Registration No.:*      503-C
   c. 562 426-8306                                    (iii) *County:*                Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:
   Thu, Oct. 24, 2013

   Judicial Council Form POS-010          PROOF OF SERVICE                    (JEFFREY J. CORZINE)
   Rule 2.150.(a)&(b) Rev January 1, 2007  SUMMONS & COMPLAINT                              carli.94657

5 0

**Exhibit C**

1
2
3
4
5
6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 0 7 2013

Sherri R. Carter, Executive Officer/Clerk

BY _____, Deputy
Martha Cervantes

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF LOS ANGELES

9                       CENTRAL DISTRICT

| | |
|---|---|
| 10  ALFRED ZAKLIT, HANY SHAKER, and<br>MOKHTAR FARAG,<br>11 <br>12          Plaintiffs,<br>13      vs.<br>14  GLOBAL LINGUIST SOLUTIONS, LLC,<br>etc., et al.,<br>15 <br>16          Defendants. | Case No.: BC523317<br><br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge William F. Highberger<br><br>Department: 307<br>Date:  December 30, 2013<br>Time:  1:30 p.m. |

17
18
19
20
21
22
23
24
25
26
27
28

This case has been assigned for all purposes to Judge William F. Highberger in the

Complex Litigation Program.  An Initial Status Conference is set for December 30, 2013, at

1:30 p.m. in Department 307 located in the Central Civil West Courthouse at 600 South

Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to

attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and



agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

Initial Status Conference Class Action Response Statement five court days before the Initial Status

Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and

must specifically answer each of the below-numbered questions. Do not use the use the Judicial

Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and

presently-named defendants, together with all counsel of record, including counsel's contact and

email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently

intends to add additional class representatives, and, if so, the name(s) and date by which these

class representatives will be added.  Indicate whether any plaintiff presently intends to name

additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.

Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the

names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong

person or entity, please explain why the named defendant is improperly named and the proposed

procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party

believes one or more named plaintiffs might not be an adequate class representative, including

reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los

Angeles County (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these

responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

     **7.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

     **8.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

     **NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

     **9.  CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v.*

---

[1] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)



*Superior Court* (2007) 149 Cal.App.4[th] 554, 561).   Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and

---

[2] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)



■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ Case HomePage (www.casehomepage.com), or

■ File & Serve Express (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue of any fee splitting agreement  in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4[th] 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status

---

[3] California Rule of Court, Rule 3.770(a)



1  Conference Order, *these proceedings are stayed in their entirety.* This stay precludes the filing of

2  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

3  however, any defendant may file a Notice of Appearance for purposes of identification of counsel

4  and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

5  any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

6  Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any

7  cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

8  this "complex" case through the development of an orderly schedule for briefing and hearings on

9
10 procedural and substantive challenges to the complaint and other issues that may assist in the

11 orderly management of these cases.  This stay does not preclude the parties from informally

12 exchanging documents that may assist in their initial evaluation of the issues presented in this

13 case, however it stays all outstanding discovery requests.

14
15      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

16 with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

17 Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

18 five (5) days of service of this order. If any defendant has not been served in this action, service is

19 to be completed within twenty (20) days of the date of this order.

20      If all parties have been served, have conducted the required meet and confer, and are ready

21 to fully participate in the status conference prior to the assigned date, counsel may contact the

22 clerk of Dept 307 and request an earlier date for the Initial Status Conference.

23
24
25 Dated:  November 7, 2013

26 _____
   Judge William F. Highberger

27
28

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

56