IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ALFRED ZAKLIT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14cv314 (JCC/JFA) |
| | ) | |
| GLOBAL LINGUIST SOLUTIONS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion for Reconsideration, [Dkt. 108], and corresponding Memorandum in Support, [Dkt. 109]. For the reasons set forth below, the Court will deny Plaintiffs' motion.[1]

## I. Background

The procedural and factual history of this case has been recited at length in an earlier opinion and will not be repeated here in any detail. (*See* Mem. Op. [Dkt. 100].) In brief, Defendant Global Linguist Solutions, LLC ("GLS" or "Defendant") is a Delaware corporation that provides translation and interpretation services to the United States Army and other government agencies stationed in the Middle East. (Second Am.

[1] Plaintiffs have noticed this matter for oral argument on September 4, 2014; however, because the facts and legal contentions are adequately set forth in the current record, the Court will dispense with oral argument and decide this matter on the papers without additional briefing.

Compl. [Dkt. 102] ¶¶ 1, 6, 11.) Plaintiffs are linguists who either currently work for or have worked for GLS. (*Id.* at ¶ 1.) Plaintiffs have filed this action alleging various claims stemming from their employment with GLS in Kuwait. (*Id.*)

On July 8, 2014, the Court issued a Memorandum Opinion granting in part and denying in part GLS's first motion to dismiss for failure to state a claim. (Mem. Op. at 54.) Plaintiffs' instant motion takes issue with the Court's decision to uphold and enforce the Virginia choice-of-law provision contained in their employment contracts with GLS. (Pls.' Mem. in Supp. at 1.) Plaintiffs' specifically ask the Court to "reconsider its ruling . . . and reserve ruling on the enforceability of any part of the contract at issue, including the choice-of-law clause, until evidence is presented regarding whether the contract, or any of its provisions, should not be enforced because 'such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power.'" (*Id.* at 2 (citation omitted).)

## II. Standard of Review

Plaintiffs' brief fails to identify the authority on which they base the instant motion, apparently leaving it to the Court to research this threshold issue. Although certainly not overly burdensome, the Court finds little pleasure in acting as counsel's impromptu research associate. That said, Plaintiffs'

motion is properly addressed under Federal Rule of Civil Procedure 54(b) given it is directed at a prior order that did not result in a final judgment. *See Bradford v. HSBC Mortg. Corp.,* 838 F. Supp. 2d 424, 427 (E.D. Va. 2012) ("Because [plaintiff's] motion is directed at the July 22 Order's partial dismissal of his action, [plaintiff] is correct that the motion is governed by Rule 54(b)[.]"); *Netscape Commc'ns Corp. v. ValueClick, Inc.,* 704 F. Supp. 2d 544, 546 (E.D. Va. 2010) ("The Fourth Circuit has made clear that where, as here, the entry of partial summary judgment fails to resolve all claims in a suit, Rule 54(d)—not Rule 59(e) or 60(b)—governs a motion for reconsideration[.]" (citation omitted)).

Rule 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The resolution of motions to reconsider pursuant to Rule 54(b) is "committed to the discretion of the district court," which may be exercised "as justice requires." *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 515 (4th Cir. 2003). The Fourth Circuit has made clear that the standards governing reconsideration of final judgments are not

determinative of a Rule 54(b) motion. *Id.* at 515. Yet, many courts in this circuit have appropriately considered those factors in guiding the exercise of their discretion under Rule 54(b). *See Al Shimari v. CACI Int'l, Inc.*, 933 F. Supp. 2d 793, 798 (E.D. Va. 2013); *see also In re C.R. Bard, Inc.*, No. 2:11–cv–00114, 2013 WL 2949033, at *2 (S.D. W. Va. June 14, 2013) ("[A]lthough a 'motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion,' this district has been 'guided by the general principles of Rules 59(e) and 60(b)' in determining whether a Rule 54(b) motion should be granted." (citation omitted)). Courts generally do not depart from a previous ruling unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (citation omitted). Such problems "rarely arise and the motion to reconsider should be equally rare." *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

A party's mere disagreement with the district court's ruling does not warrant a motion for reconsideration, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they

be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). A motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Id.*

Here, Plaintiffs do not assert an intervening change in the law or new evidence. Rather, Plaintiffs claim the Court erred in ruling that the Virginia choice-of-law provision was enforceable and covered the claims in this action. With the above standards in mind, the Court will address Plaintiffs' arguments in turn.

## III. Analysis

### A. Plaintiffs' Introduction

The Court will start with the introduction section of Plaintiffs' brief given it contains a number of conclusory arguments that not only misrepresent the Court's prior ruling but also contradict pertinent case law. (*See* Pls.' Mem. in Supp. at 1-2.)

Plaintiffs first declare that the Court "summarily decided as a matter of law that Plaintiffs would not be allowed to establish that the choice-of-law provision in [their] contracts was unfair, unreasonable or that the contracts containing the clause were tainted by unequal bargaining power." (Pls.' Mem. in Supp. at 1.) This assertion rings hollow.

Virginia law presumes contracts to be valid, "and the burden is on the party challenging the validity to establish that the provision in question is unfair, unreasonable, or affected by fraud or unequal bargaining power." *Global One Commc'ns, LLC v. Ansaldi,* No. C165948, 2000 WL 1210511, at *2 (Va. Cir. Ct. May 5, 2000). Plaintiffs were given an opportunity to overcome this presumption in responding to Defendant's motion to dismiss. *See Cooper v. Samsung Elecs. Am., Inc.,* 374 F. App'x 250, 255 n.5 (3d Cir. 2010) (rejecting argument that the district court erred by addressing choice of law issue at motion to dismiss stage). Plaintiffs' counsel, however, failed to present any evidence to establish the exceptional circumstances necessary to persuade the Court that the parties' deliberate selection of Virginia law should be ignored. (*See* Mem. Op. at 19-20.) Plaintiffs cannot now blame the Court for counsel's apparent failure to properly litigate their case.

Next, Plaintiffs assert that the "necessary implications of [the Court's] ruling are that a party can force another under duress, or induce them by fraud, to sign a contract, and unless the fraud or duress related specifically to the choice of law clause, the wrongdoer would always be entitled to enforce that provision." (Pls.' Mem. in Supp. at 1.) It is not for this Court to question the wisdom of Virginia law, but rather to apply the law as it is established. *See, e.g.,*

*Mercado v. HFC Collection Ctr., Inc.,* No. 3:12–cv–122–J–12JBT, 2013 WL 645988, at *6 (M.D. Fla. Jan. 28, 2013), *report and recommendation adopted by,* 2013 WL 654419 (M.D. Fla. Feb. 21, 2013). This is precisely what the Court did. (*See* Mem. Op. at 17-19.) To the extent Plaintiffs find the Court's ruling repugnant for policy reasons, this argument is better raised in Richmond. Nonetheless, it is worth noting that if a choice-of-law provision could be avoided every time an issue going to the formation of the contract is raised, as Plaintiffs' apparently contend, the efficiency and certainty achieved by such clauses would be largely nullified.

Finally, Plaintiffs suggest the Court should have deferred ruling on the choice-of-law issue until later in the proceedings. (Pls.' Mem. in Supp. at 2.) The fallacy of this position is self-evident. Determining the validity of the choice-of-law provision was a necessary prerequisite to deciding Defendant's motion to dismiss. *See, e.g., Merrill Lynch Bus. Fin. Servs. Inc. v. Plesco, Inc.,* 859 F. Supp. 818, 824 (E.D. Pa. 1994). Otherwise, the Court would have been without guidance as to what body of law to apply in analyzing Plaintiffs' claims. *See Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.,* 414 F.3d 325, 332 (2d Cir. 2005) ("The validity of a contractual choice-of-law clause is a threshold question[.]").

Having addressed the claims raised in Plaintiffs' introduction, the Court will turn to the argument section of their brief.

**B. Plaintiffs' First Argument**

Plaintiffs start by repeating an argument advanced in their opposition brief to Defendant's motion to dismiss: because a contract allegedly procured by fraud is itself void, any choice-of-law provision contained therein must be unenforceable. (Pls.' Mem. in Supp. at 5-7.) Thus, according to Plaintiffs, disputing the validity of a contract as a whole is sufficient to upset a choice-of-law provision. (*Id.*) As the Court has already held, this argument is unsustainable. *See Jones v. Dent Wizard Int'l Corp.,* No. CL02-386, 2002 WL 32254731, at *1 (Va. Cir. Ct. May 6, 2002) (noting that Virginia has adopted the "federal standard" regarding the enforceability of dispute resolution provisions); *Grace v. Corp. of Lloyd's,* No. 96 Civ. 8334(JGK), 1997 WL 607543, at *8 (S.D.N.Y. Oct. 2, 1997) ("[A] general allegation of fraud in the inducement of the contract as a whole is not enough to support the invalidation of the forum selection and choice of law clauses."); *Chitsey v. Client Servs., Inc.,* No. 4:08–CV–74, 2009 WL 305530, at *2 (E.D. Tex. Feb. 6, 2009) ("Fraud and overreaching must be specific to a forum selection clause in order to invalidate it. Thus, allegations of [fraud and overreaching] as to the contract as a

whole—or portions of it other than the [forum selection/choice-of-law] clause—are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum selection/choice-of-law] clause in order to succeed." (citation and internal quotation marks omitted)); *Haynsworth v. The Corp.,* 121 F.3d 956, 964 (5th Cir. 1997) ("While [plaintiff's general] allegations [of fraud], if proved, might very well be relevant to the merits of the claims in the absence of a forum selection clause, they are wholly inapposite to our enforceability determination, which must of course precede any analysis of the merits.").

**C. Plaintiffs' Second Argument**

Next, Plaintiffs argue that the Court erred in upholding the choice-of-law provision in light of their allegations of unequal bargaining power. (Pls.' Mem. in Supp. at 7-8.) According to Plaintiffs:

> The Court correctly, and repeatedly acknowledges that under Virginia law choice-of-law clauses may be held unenforceable when "affected by . . . unequal bargaining power."
>
> . . .
>
> It is nearly impossible to imagine a stronger case of unequal bargaining power. Plaintiffs were individual employees of Defendant, a large government contractor. Here, the Plaintiffs were in dire and desperate circumstances imposed by Defendant. Plaintiffs were utterly reliant

> upon Defendant. While in these desperate circumstances, Plaintiffs were handed a form, instructed not to read it, not given the opportunity to consult with an attorney before signing, and threatened to be evicted from the base if the contracts were not signed.

(*Id.* at 7-8.) The Court is unpersuaded.

To begin, this is the first time Plaintiffs have presented this argument to the Court. Plaintiffs never argued in their opposition brief to Defendant's motion to dismiss that the choice-of-law provision should be stricken in light of the parties' unequal bargaining power. Instead, Plaintiffs argued that "[s]ince fraud in the inducement precedes the contract, the contract is invalid and the contractual choice of law is likewise ineffective." (Pls.' Opp'n to Mot. to Dismiss [Dkt. 85] at 8.) The only mention of unequal bargaining power was in the following sentence:

> When the other circumstances alleged in the Amended Complaint are considered, including the disparity in bargaining power between the parties, the creation of the parties' relationship in California, the fraud, the duress, and concealment that accompanies the contracts' creation, there are more than sufficient "unusual circumstances" present in this case to render the choice-of-law provision unenforceable.

(*Id.* at 13). This single line is insufficient to alert the Court of the arguments now advanced, and the Court was under no obligation to unilaterally research and provide support for such

a claim. *See Grimaldo v. Reno,* 189 F.R.D. 617, 619 (D. Colo. 1999) ("In our adversarial system, I am under no obligation to conduct research to provide the proper support for arguments presented by any party other than *pro se* ones[.]"); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Plaintiffs had the opportunity to raise all perceived arguments in contesting the choice-of-law provision. Plaintiffs purposefully chose to focus on certain arguments and, for reasons unknown, neglected the position they currently find beneficial. It is now too late to come back for more. *See Potter v. Potter,* 199 F.R.D. 550, 553 (D. Md. 2001) (noting that new arguments should not be considered on a motion to dismiss because "[h]indsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order"); *Joe Hand Promotions, Inc. v. Dock St. Enters., Inc.,* No. WMN–11–1973, 2012 WL 401080, at *2 (D. Md. Feb. 7, 2012) ("[M]otions for reconsideration are not the vehicle to make arguments that could have been made when briefing the original motion.").

Even if the Court were to consider this argument, it would not alter the prior ruling. A party seeking to upset a choice-of-law provision bears a "heavy burden." *Jones*, 2002 WL

32254731, at *1; *see also Orion Worldwide Travel, LLC v. Commonwealth Foreign Exch., Inc.,* No. 1:09cv1148, 2009 WL 4064109, at *2 (E.D. Va. Nov. 20, 2009) ("The burden of proving the unreasonableness of a forum-selection clause is a heavy one, which the disputing party to 'clearly show that enforcement would be unreasonable and unjust.'" (citation omitted)). "Absent evidence of a bad-faith motive, disparity in bargaining power" is insufficient. *Torres v. SOH Distribution Co., Inc.,* No. 3:10-CV-179, 2010 WL 1959248, at *3 (E.D. Va. May 13, 2010). Moreover, a lack of actual bargaining will not render a choice-of-law clause unenforceable. *Id.*

Plaintiffs' allegations that they "were handed a form, instructed not to read it, not given the opportunity to consult with an attorney before signing, and threatened to be evicted from the base if the contracts were not signed" are insufficient to overcome the burden described above. (Pls.' Mem. in Supp. at 8.) While Plaintiffs' bargaining position was certainly inferior, they were not in a "take-it-or-leave-it" position since it is undisputed they could have terminated their employment and made GLS transport them back to the United States. *See Jones*, 2002 WL 32254731, at *2 ("[A] contract which is a prerequisite to employment is not adhesive because the employee can choose to forego the employment[.]"); *Senture, LLC v. Dietrich,* 575 F. Supp. 2d 724, 727 n.1 (E.D. Va. 2008) ("If

an employee has the freedom to consider employment elsewhere and is not bound to continue working for his current employer, an employment agreement will not be considered an adhesion contract.”); *see also Torres*, 2010 WL 1959248, at *3.

**D. Plaintiffs’ Third Argument**

Plaintiffs then argue that the choice-of-law provision is invalid as matter of law because “parties cannot simply contractually opt out of compliance with governing law by stipulating that the laws of some other jurisdiction where the conduct is unregulated will govern.” (Pls.’ Mem. in Supp. at 9.) According to Plaintiffs, “[t]he current ruling effectively permits a party to avoid complying with the law by the simple expedient of providing in the contract [for] the laws of another jurisdiction[.]” (*Id.*)

The Court’s prior memorandum opinion addresses this issue at length:

> Plaintiffs’ assertion that a choice-of-law provision cannot nullify a statutory claim under foreign law is simply not the case. *See Pyott-Boone,* 918 F. Supp. 2d at 544-45 (finding the parties’ choice of law provision displaced plaintiff’s claims under the Virginia Securities Act). While a Virginia court can decline to honor a choice-of-law provision if application of the chosen law will usurp a statutory claim that is a fundamental policy of a state which has a materially greater interest in the litigation, *see Malpractice Research, Inc.,* 1991 WL 11031257, at *2, Plaintiffs have presented no compelling argument that

> is the case here. Plaintiffs' brief is devoid of any claim that the Kuwaiti labor laws cited above represent a fundamental policy of the contracting state such that they cannot be waived through a choice-of-law provision. *See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 607 (4th Cir. 2004) ("[W]e begin with the proposition that not every statutory provision constitutes a fundamental policy of a state."). Moreover, Plaintiffs have made no showing that applying the choice-of-law provision to these claims would be unfair or unreasonable. *See Senture, LLC,* 575 F. Supp. 2d at 727.

(Mem. Op. at 51-52.)

Plaintiffs have failed to present any persuasive authority contradicting the holding above. For instance, Plaintiffs cite to *Keller v. Woods*, No. L93-415, 1995 WL 1055817 (Va. Cir. Ct. Mar. 22, 1995), for the general proposition that in Virginia a party cannot "opt out of otherwise governing laws." (Pls.' Mem. in Supp. at 9.) The holding in *Keller*, however, is not so broad. In *Keller*, the plaintiffs brought suit under Virginia's "Business Opportunity Sales Act" in connection with a franchise agreement previously executed with the defendants. *Id.* at *1. Defendants argued that the Virginia Business Opportunity Sales Act was inapplicable because "the parties' contract says that it is governed by the law of Utah." *Id.* at *2. The court rejected this argument, holding that Virginia's interest in litigating these claims within its borders trumped the parties' right to designate foreign

law. *Id.* This holding fits squarely within the Court's reasoning above.

To the extent Plaintiffs now seek to claim that the Kuwaiti labor laws usurped by the choice-of-law provision represent a fundamental policy of the contracting state such that they cannot be waived through a choice-of-law provision, this argument is barred. *See Pac. Ins. Co.,* 148 F.3d at 403 (noting that a motion for reconsideration should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance").

**E. Plaintiffs' Fourth Argument**

Lastly, Plaintiffs claim the Court erred in relying upon the case *Pyott-Boone Elecs. Inc. v. IRR Trust for Donold L. Fetterolf Dated Dec. 9, 1997*, 918 F. Supp. 2d 532, 542-43 (W.D. Va. 2013), in resolving GLS's motion to dismiss. Plaintiffs maintain that the "salient facts of *Pyott-Boone* bear little resemblance to the facts of this case." (Pls.' Mem. in Supp. at 12.) The facts presented in this case undoubtedly differ from those in *Pyott-Boone*; however, for the reasons already stated, the Court finds the rationale underlying Judge Jones's decision applicable here. (*See* Mem. Op. at 25-27.)

## IV. Conclusion

In sum, upon careful review, the Court finds no clear error of law or manifest injustice. Accordingly, the Court will deny Plaintiffs' motion. An appropriate order will follow.

/s/

August 19, 2014
Alexandria, Virginia

James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE