```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


ALFRED ZAKLIT, et al.,         )
                               )
     Plaintiffs,               )
                               )
          v.                   )    1:14cv314 (JCC/JFA)
                               )
GLOBAL LINGUIST SOLUTIONS,     )
LLC, et al.,                   )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Global Linguist Solutions LLC's ("GLS" or "Defendant") Motion to Exclude the Expert Testimony of Plaintiffs' Proposed Expert Witness, and to Preclude Plaintiffs from Making Further Expert Disclosures ("Motion"). [Dkt. 135] For the reasons set forth below, the Court will grant the Motion.

**I. Background**

This case arises from Plaintiffs' claims that GLS falsely imprisoned them and other linguists on U.S. military bases in Kuwait. On August 6, 2014, the Court entered a Rule 16(b) Scheduling Order, which set the discovery deadlines in this matter. ("Rule 16(b) Order" [Dkt. 120].) The deadline for the exchange of initial expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure was August 29,

1

2014, and the responses to the initial disclosures were due on September 29, 2014. (Rule 16(b) Order ¶ 4.)

Plaintiffs identify only one[1] expert: Anthony Edward Reading, Ph.D., a licensed psychologist and clinical professor at the University of California, Los Angeles. (Def.'s Mem. [Dkt. 136] at 3 (as paginated by CM/ECF).) Plaintiffs disclosed that Dr. Reading "will testify generally, and without limitation, about the common psychiatric sequelae of false imprisonment, the causal pathways, treatment considerations, and the effects of false imprisonment on the human psyche and body . . . [and the] emotional distress, and its manifest symptoms, and other injuries caused by false imprisonment." (Def.'s Mem. at 3 (citing Ex. 4 [Dkt. 136-4] at 1).) GLS argues that Plaintiffs' expert disclosure of Dr. Reading does not comply with the requirements under Rule 26(a)(2), and therefore, should be excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure. Plaintiffs oppose this motion, [Dkt. 143], and GLS filed a reply brief, [Dkt. 144].

Having been fully briefed, and after hearing argument

---

[1] Plaintiffs' originally stated in their responses to GLS's First Set of Interrogatories that they intended to rely on an economic expert for damages computation. (Def.'s Mem. at 3 (citing Exs. 1-3 [Dkts. 136-1, 136-2, 136-3]).) However, in their opposition brief to this Motion, Plaintiffs state they no longer need an economic expert because they "dropped their wage and hour claim." (Pls.' Opp'n [Dkt. 143] at 2.)

2

of counsel, the motion is now before the Court.[2]

## II. Standard of Review

Under Rule 26(a)(2)(B), a party's expert disclosure must be accompanied by a written report that is "prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case." The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "[T]he expert report should be written in a manner that reflects the testimony the expert witness is expected to give at trial." Sharpe v. United States,

---

[2] The parties met and conferred via teleconference on September 9, 2014, as required by E.D. Va. Local Civil Rule 37(E). (Def.'s Mem. at 4.)

3

230 F.R.D. 452, 458 (E.D. Va. 2005) (citing Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 1993 amendments).

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).

Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278-79 (4th Cir. 2005) (citation and internal quotation omitted).

If a party violates Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion of the witness is an "automatic sanction." Id., advisory committee's note to 1993 amendments; see also Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 1993 amendments ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.")

To determine whether the party's failure to properly disclose is substantially justified or harmless, the court is guided by the following factors: (1) the surprise to the party

4

against whom the evidence would be offered; (2) the ability of the offering party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to properly disclose the evidence. Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) (quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003)).  The Court first determines whether the disclosing party violated Rule 26; if so, it then determines if exclusion is appropriate under Rule 37.

### III. Analysis

The parties do not dispute that Dr. Reading is an expert witness who is required to produce a written report under Rule 26(a)(2)(B).  Instead, GLS argues Dr. Reading's written report is deficient under Rule 26(a)(2)(B) for three reasons: First, Dr. Reading fails to provide a complete statement of all opinions that he will express at trial, much less the basis and reasons for these opinions.  (Def.'s Mem. at 5-6 (citing Fed. R. Civ. P. 26(a)(2)(B)(i)).)  Second, Dr. Reading's report does not contain the facts or data he considered in forming these opinions.  (Id. (citing Fed. R. Civ. P. 26(a)(2)(B)(ii)).)  Third, even though Dr. Reading provides a list of cases where he previously served as an expert, he does not identify which of

5

these cases took place in the last four years.  (Id. (citing Fed. R. Civ. P. 26(a)(2)(B)(v)).)

In response, Plaintiffs argue first, that Dr. Reading offered a complete statement of all opinions he will offer at trial.  (Pls.' Opp'n at 3-4 (discussing three specific opinions).)  Second, Plaintiffs argue that Dr. Reading cited to fourteen different sources from which he based his conclusions.  (Id. at 4-7.)  Third, Plaintiffs argue that Dr. Reading's case list permissibly exceeds the minimum requirements under the rule because it lists all cases in which he has testified as an expert.

The Court finds that Dr. Reading's written report is wholly deficient and does not comply with the requirements of Rule 26(a)(2)(B).  Because Plaintiffs failed to provide a substantial justification for these deficiencies, and moreover, failed to remedy and supplement these deficiencies without justification, Dr. Reading's testimony will be excluded.

Dr. Reading's written report fails to satisfy the most basic requirement of Rule 26(a)(2)(B): that he express an opinion.  Dr. Reading's written report reads less like expected expert testimony at trial and more like a brief introduction to a scholarly article about the general psychological and psychiatric effects of false imprisonment.  In the 1993 amendment to Rule 26, the advisory committee intended an

6

expert's written report to be so detailed and complete that it would "dispense[] with the need to depose the expert," unlike the former version of the rule. Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 1993 amendments. Here, Dr. Reading's "opinions" are really just conclusions or general statements.

Indeed, Dr. Reading offers no opinion in his written report specifically regarding Plaintiffs' substantive claims in this litigation. Instead, in liberally construing Dr. Reading's written report, it can be said that Dr. Reading asserts three general statements, which Plaintiffs describe as "opinions:"

> (i) the "adverse effects" of imprisonment "are potentiated where there is the belief that the incarceration is unfair/illegal" and "[a]dverse psychiatric and psychological effects have been shown to develop even in the absence of pre-existing psychiatric disorders;"
>
> (ii) false imprisonment "sets in motion high levels of strain stemming from the attributional framework derived from the predicament," and this "confers high levels of stress which over time erode coping, even absent privations arising from the conditions in which the individuals are detained;" and
>
> (iii) depending on the "duration of exposure to incarceration," effects may include the "onset of posttraumatic stress disorder and enduring personality changes," and, those without "appropriate treatment subsequent to discharge" are "at risk for secondary issues arising from attempts to self-medicate

7

> ensuing symptoms with alcohol or other drugs."

(Pls.' Opp'n at 4.) Dr. Reading's three statements could be applicable to any case. Nothing in the written report makes his statements specifically applicable to this matter. See Sharpe v. United States, 230 F.R.D. 452, 458 (E.D. Va. 2005) (discussing the purpose of the 1993 amendment was, at least in part, to avoid "sketchy and vague" responses to interrogatories that supposedly disclosed the substance of an expert's testimony). Stated differently, Dr. Reading does not opine on Plaintiffs' allegations of false imprisonment, or the effects of the alleged false imprisonment on Plaintiffs. Instead, Dr. Reading concludes his written report by stating "[t]his literature will be reviewed in terms of how it impacts the plaintiffs with demonstration of the common psychiatric sequelae of false imprisonment, the causal pathways and treatment considerations." (Def.'s Mem. Ex. 4 at 34.) But nothing in Dr. Reading's report actually opines on issues relevant to the individual Plaintiffs in this litigation. This alone violates the clear mandate of Rule 26(a)(2)(B)(i), that an expert witness's written report must contain "a complete statement of all opinions the witness will express." (emphasis added). Without asserting an opinion on the matters at issue in this litigation, Dr. Reading's report defeats the very purpose of

8

Rule 26(a)(2)(B).[3]

Having found violations of Rule 26(a)(2)(B), the Court now determines the appropriate remedy. Plaintiffs' deficient expert disclosure "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi, 427 F.3d at 278. The Court finds Plaintiffs' noncompliance is not substantially justified, nor is it harmless. Therefore, exclusion of Dr. Reading's testimony at trial is appropriate under Rule 37(c)(1).

Under the well-known factors in S. States Rack & Fixture, Inc., this sanction is warranted. 318 F.3d at 597 (setting forth the following factors: (1) surprise to non-offering party; (2) ability to cure the surprise; (3) extent allowing testimony would disrupt trial; (4) importance of the testimony; and (5) party's explanation for failure to disclose testimony). First, GLS would be surprised by Dr. Reading's testimony in support of, or in opposition to, a motion for

---

[3] Because Dr. Reading's written report fails in this threshold manner – in that it fails to express an opinion on Plaintiffs' claims – it is also clear that Dr. Reading's report has other shortcomings. First, Dr. Reading's written report does not give a basis or reason for these general statements, also in violation of Rule 26(a)(2)(B)(i). Dr. Reading does cite various studies regarding posttraumatic stress disorder and self-injury. (Def.'s Mem. Ex. 4 at 33.) But without an opinion to offer, it is axiomatic that a basis or reason would also be lacking. Second, Dr. Reading does not cite to any information or data he considered when forming the opinions. In fact, it is unclear whether Dr. Reading considered any outside information when creating his written report. Thus, the written report also violates Rule (a)(2)(B)(ii).

9

summary judgment, or at trial.  The written report simply does not disclose Dr. Reading's opinion, as discussed above.  Consequently, GLS is left to speculate as to Dr. Reading's testimony, which defeats the purpose of Rule 26(a)(2)(B).  See Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006) ("Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can at the expense of their client."), abrogated on other grounds by Sawyer v. Ashbury, 537 F. App'x 283 (4th Cir. Aug. 13, 2013).[4]  Therefore, the first factor weighs in favor of exclusion.

Under factors two and three, Plaintiffs do not have time to cure the surprise, given the deadlines in the Rule 16(b) Order.  Responses to the initial expert reports were due on September 29, 2014.  Discovery closes on October 10, 2014.  The Final Pre-Trial Conference is scheduled for October 16, 2014.  Granting Plaintiffs leave to supplement the written report or to cure the surprise and deficiency would necessarily impact the current deadlines, and possibly the trial date in this matter, which undermines this Court's management of the case.  Saudi, 427 F.3d at 278-79; see also Campbell v. United States, No.

---

[4] GLS would likely have to depose Dr. Reading before the close of discovery on October 10, 2014, which is another consequence that Rule 26(a)(2)(B) attempts to avoid.

3:10-CV-363, 2011 WL 588344, *4 (E.D. Va. Feb. 8, 2011) ("The Federal Rules, along with the Local Rules and the Court's scheduling order, clearly map the course of pre-trial litigation. Failure to enforce the deadlines they provide defeat their purpose."). Moreover, shortly after the disclosure, GLS notified Plaintiffs of this deficiency on September 2, 2014. (Def.'s Mem. at 4 (citing Ex. 5).) Instead of properly supplementing the disclosure at that time, Plaintiffs maintained the disclosure was sufficient, necessitating the filing of this Motion and defeating the purpose this Court's meet and confer requirement. E.D. Va. Local Civil Rule 37(E) ("Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions."). Therefore, the second and third factors also weigh in favor of exclusion.

      Under factors four and five, Dr. Reading's testimony is important: he is the only expert identified in this case. However, Plaintiffs offered no explanation for the deficient disclosure, and instead maintain it was entirely appropriate and sufficient, even after GLS notified Plaintiffs of the deficiency on September 2, 2014. (Def.'s Mem. Ex. 5 [Dkt. 136-5].) Thus, in weighing all of the factors discussed above, the Court concludes that exclusion of Dr. Reading's testimony is warranted, because Plaintiffs fail to demonstrate that the

11

noncompliance was substantially justified or harmless.  <u>Carr</u>, 453 F.3d at 602 ("It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless.").  Therefore, the Court will grant the motion.[5]

### IV. Conclusion

For the foregoing reasons, the Court will grant GLS's motion to exclude the expert testimony of Dr. Reading.

An appropriate Order will issue.

 

                                                                 /s/

September 30, 2014                   James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE

---

[5] The Court will deny GLS's premature request to preclude Plaintiffs from making further expert disclosures in this case.  The time to disclose experts has expired, and Plaintiffs have not sought leave to disclose additional experts.  The Rule 16(b) Scheduling Order is clear that to the extent any party seeks modification of the order, leave of Court is required, but looked upon with disfavor.